UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

LAPORTIA JACKSON et al.,

    Plaintiffs,

    v.

CONTEMPORARY FAMILY SERVICES, INC. et al.,

    Defendants.

Civil Action No. 18-2349 (JDB)

---

# MEMORANDUM OPINION

LaPortia Jackson, Sequoyah Sherrill, Luc Nicholas Houanche, and Gregory John Tolson ("plaintiffs") sued Contemporary Family Services, Inc. ("CFS"), and its owner, John L. Monroe, Jr. (collectively, "defendants"), alleging that defendants failed to pay them for work done in April 2018. After defendants failed to appear, file an answer, or otherwise respond to the complaint, the Clerk's Office entered a default against them. Plaintiffs now move for a default judgment under Rules 54(d)(2) and 55(b)(2) of the Federal Rules of Civil Procedure. The Court grants plaintiffs' motion.

## BACKGROUND[1]

CFS provided counseling, therapy, and advisory services to Medicaid recipients in the District of Columbia. Compl. [ECF No. 1] at 2–3. Plaintiffs each worked for CFS as counselors and therapists during the relevant period, April 2018. Id. ¶¶ 7–10. On April 30, 2018, CFS—experiencing financial difficulties—terminated plaintiffs' employment. Id. ¶ 12. According to

---

[1] Because defendants have not responded, the Court treats the allegations of the complaint as admitted, except as to the amount of damages. Fed. R. Civ. P. 8(b)(6).

1

plaintiffs, after their termination, CFS failed to pay them for work they had performed in April. Id. Sherrill alleges that she also was not paid for certain work performed in previous months. Id.

Affidavits from each of the plaintiffs set out their claimed hourly wages and unpaid hours, which are summarized in the following chart:

|  | Hourly Wages | Unpaid Hours | Total Unpaid Wages |
|---|---|---|---|
| **Jackson** | $60.00 | 72.99 | $4,379.40 |
| **Sherrill** | $50.00 | 116.55 | $5,827.50[2] |
| **Houanche** | $25.00 | 52.00 | $1,300.00 |
| **Tolson** | $45.00 | 100.00 | $4,500.00 |
| **Total** | -- | 341.54 | $16,006.90 |

See Jackson Aff. [ECF No. 11-3] ¶ 15; Sherrill Aff. [ECF No. 11-4] ¶ 16; Houanche Aff. [ECF No. 11-5] ¶ 12; Tolson Aff. [ECF No. 11-6] ¶ 15.

Plaintiffs' complaint, filed on October 11, 2018, seeks damages under two statutes: the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 ("DCWPCL"). "). Compl. ¶ 1. Defendants failed to appear or answer within 21 days of being served with the complaint and continued to take no action thereafter. See Affidavit of Service [ECF No. 4]; Affidavit of Service [ECF No. 5]; Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring defendants to "serve an answer . . . within 21 days of being served with the summons and complaint"). The Clerk of Court entered a default against them on January 14, 2019. See Entry of Default as to Contemporary Family Servs. [ECF No. 9]; Entry of Default as to John L. Monroe [ECF No. 10].

---

[2] The Court notes a slight difference between its calculation of Sherrill's total unpaid wages and the calculation in Sherrill's affidavit. The affidavit states that 116.55 hours multiplied by an hourly rate of $50 results in $5,827.68, but the Court's calculation results in $5,827.50. The Court will rely upon its own calculation of Sherrill's damages.

## ANALYSIS

Plaintiffs now request that the Court enter a default judgment against defendants in the amount of $16,006.90 in unpaid wages, $48,020.70 in liquidated damages under the DCWPCL, $43,817.40 in attorney's fees, and $1,435.01 in litigation costs.  Pl.'s Mot. for Entry of Default J. & Award of Att'y's Fees & Costs ("Pl.'s Mot.") [ECF No. 11] at 16–17; Pl.'s Suppl. to Mot. for Att'y's Fees and Costs ("Pl.'s Suppl. Mot.") [ECF No. 14] at 1.

Entry of a default judgment under Fed. R. Civ. P. 55(b) is "committed to the discretion of the trial court," and is generally appropriate where a defendant is an "essentially unresponsive party whose default is plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment."  Reyes v. Kimuell, 270 F. Supp. 3d 30, 33 (D.D.C. 2017) (internal quotation marks omitted); Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008).  Where there is a complete "absence of any request to set aside the default or suggestions by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." Auxier Drywall, 531 F. Supp. 2d at 57 (internal quotation marks omitted).

Such is the case here.  Defendants have not responded to the summons, complaint, entry of default, or motion for default judgment.  Hence, the Court finds that entry of default judgment is appropriate.  The Court also finds that plaintiffs' complaint sufficiently alleges facts to support their claims under the FLSA and the DCWPCL.

However, although a "default judgment establishes the defaulting party's liability for every well-pled allegation in the complaint," it does not "automatically establish liability in the amount claimed by the plaintiff."  PT (Persero) Merpati Nusantara Airlines v. Thirdstone Aircraft Leasing Grp., Inc., 246 F.R.D. 17, 18 (D.D.C. 2007) (citing Adkins v. Teseo, 180 F. Supp. 2d 15, 17

3

(D.D.C. 2001)). Courts must "make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain." Serv. Employees Int'l Union Nat. Indus. Pension Fund v. Artharee, 942 F. Supp. 2d 27, 30 (D.D.C. 2013). "In doing so, a court need not conduct an evidentiary hearing if it can establish a basis for the amount of damages through detailed affidavits or other documentary evidence." Reyes, 270 F. Supp. 3d at 34.

Here, the Court concludes that damages can be established based on the current record without an evidentiary hearing. Each plaintiff provided the Court with affidavits to support his or her damages request. True, none of the plaintiffs supported their affidavits with documentary evidence, such as pay stubs or other records, to support the hours they claim to have worked.[3] But "because the employer is responsible for maintaining such records, courts are reluctant to penalize plaintiffs without documentation in cases where the employers have defaulted." Id. Accordingly, the Court will rely on the affidavits as support for plaintiffs' hours worked and hourly wage rates.

The DCWPCL provides for damages equal to an employee's unpaid wages. See Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 8, 29–30 (D.D.C. 2010); D.C. Code § 32-1303(1). Upon examination, the Court agrees with the affidavits' calculations of unpaid wages, in the total amount of $16,006.90.[4] Plaintiffs also seek liquidated damages under the DCWPCL, which provides for damages in "an amount equal to treble the unpaid wages." D.C. Code § 32-1303(4). The Court agrees with plaintiffs that they are entitled to liquidated damages of, in aggregate, $48,020.70.

In addition to unpaid wages and liquidated damages, plaintiffs request $43,817.40 in attorney's fees. Pl.'s Mot. at 14; Pl.'s Suppl. Mot. at 1. The DCWPCL requires that prevailing

---

[3] Two of the plaintiffs, Jackson and Sherrill, attested that they "accurately tracked and recorded all of the hours [they] worked and submitted these records to CFS." Jackson Aff. ¶ 13; Sherrill Aff. ¶ 13. But they did not attach those records to their filings to this Court. The other two plaintiffs stated that they also recorded all of their hours, but "did not retain a copy of these records," Houanche Aff. ¶ 12, or are "not presently in possession" of the records, Tolson Aff. ¶ 11.

[4] Again, the slight difference between this figure and plaintiffs' request comes from the Court's recalculation of Sherrill's unpaid wages.

plaintiffs receive an attorney's fee award, and that the award be "computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), . . . updated to account for the current market hourly rates for attorney's services." See D.C. Code § 32-1308(b)(1). The Court applies a three-part analysis to determine attorney's fees: first, it "determine[s] the number of hours reasonably expended in litigation"; second, it "set[s] the reasonable hourly rates"; and third, it "use[s] multipliers as warranted." Salazar ex rel. Salazar v. District of Columbia, 809 F.3d 58, 61 (D.C. Cir. 2015) (internal quotation marks omitted).

As to hours expended in litigation, plaintiffs bear the burden of establishing the reasonableness of the hours for which they seek reimbursement. See Reyes, 270 F. Supp. 3d at 37. Plaintiffs' counsel submitted detailed billing records for the two attorneys and one law clerk who worked on this case. See Time Records [ECF No. 11-11]; Time Records [ECF No. 14-1]. After examining the records, the Court concludes that the hours billed by counsel were reasonable: counsel spent a reasonable amount of time on each task, "were successful in all of their motions, and did not bill for duplicative work." Reyes, 270 F. Supp. 3d at 37–38.

With respect to the hourly rate, the DCWPCL mandates that the Court apply the Legal Services Index Matrix ("LSI Matrix") approved in Salazar. See Herrera v. Mitch O'Hara LLC, 257 F. Supp. 3d 37, 46 (D.D.C. 2017) ("[T]he [DCWPCL]'s plain language requires use of the LSI . . . matrix to determine the applicable rate."). Here, attorney Omar Vincent Melehy billed at a rate of $894 per hour, attorney Andrew Balashov billed at a rate of $371 per hour, and law clerk Terrance Scudeiri billed at a rate of $202 per hour. See Time Records [ECF No. 11-11]; Time Records [ECF No. 14-1]. These rates are identical to those chargeable under the LSI Matrix, and are thus reasonable. See LSI Matrix [ECF No. 11-7].

No fee multipliers are requested or warranted in this case, so the Court awards plaintiffs the requested $43,817.40 in attorney's fees.

Finally, plaintiffs request $1,435.01 in litigation costs, including the filing fee, process server, postage, and Westlaw research costs. Pl.'s Mot at 14; Pl.'s Suppl. Mot. at 1. The Court finds that these costs are reasonable and compensable under the DCWPCL. See D.C. Code § 32-1308(b)(1) ("The court . . . shall . . . allow costs of the actions, including costs or fees of any nature . . . to be paid by the defendant."); Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 975 (D.C. Cir. 2004) (awarding Westlaw research costs). The Court therefore awards plaintiffs $1,435.01 in costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion for default judgment, and it will enter judgment against defendants, jointly and severally, in the amount of $16,006.90 in unpaid wages, $48,020.70 in liquidated damages, $43,817.40 in attorney's fees, and $1,435.01 in litigation costs, for a total amount of $109,280.01. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: October 31, 2019